**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE ALVITER, JR., 01671437,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-4507-L** |
| | ) | |
| **WILLIAM STEPHENS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

On July 23, 2010, Petitioner was convicted of aggravated assault of a public servant. *State of Texas v. Jose Alviter, Jr.*, No. 34688CR (40th Dist. Ct., Ellis County, Tex., July 23, 2010). He was sentenced to fifty years in prison. On April 6, 2011, the Tenth District Court of Appeals affirmed Petitioner's conviction and sentence. *Alviter v. State*, No. 10-10-00305-CR (Tex. App. – Waco, 2011, pet. ref'd). On June 29, 2011, the Court of Criminal Appeals refused Petitioner's petition for discretionary review.

On August 28, 2012, Petitioner filed a state application for writ of habeas corpus. *Ex parte Alviter*, No. 78,386-01. On October 10, 2012, the Court of Criminal Appeals denied the application without written order.

On November 8, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues: (1) he received ineffective assistance of counsel when counsel failed to obtain expert ballistic testimony to show that Petitioner made no effort to shoot the police officer; and (2) he is actually innocent.

On February 14, 2013, Respondent filed his answer. On May 16, 2013, Petitioner filed a reply. The Court finds the petition should be denied.

## **II. Factual Background**

The following factual background is taken from the opinion of the Tenth Court of Appeals:

> Officer Anthony Parrish of the Waxahachie Police Department stopped a vehicle in which Alviter was the front seat passenger. Officer Chris Eadler, also with the Waxahachie Police Department, arrived in a separate police unit to assist. Although being ordered to do so by both officers, Alviter would not put his hands in view. When he finally placed his hands on the dashboard, Parrish pulled the driver out of the vehicle. Eadler approached the passenger side of the car with his duty weapon drawn. As he did, he noticed Alviter put his hands down in between the seat and the center console of the front seat. Eadler saw Alviter raise a revolver in between the bucket seats and point it at Parrish. He saw Alviter's finger in the trigger guard. Eadler yelled to Parrish that Alviter had a gun and then ordered Alviter to drop the gun. Alviter dropped the gun in the back floorboard. Parrish reacted to Eadler's alert by drawing his weapon and leaning over the driver, whom he was holding down on the trunk of the car, to look into the back window. He saw Alviter facing him. Parrish testified that at that point he was in fear of imminent bodily injury.

*Alviter*, No. 10-10-00305-CR at 1-2.

## **III. Discussion**

### **1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant

> to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2. Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective because counsel failed to obtain expert ballistic testimony that would have showed there was no hammer mark on the bullet casing in Alviter's gun, thus showing Alviter made no effort to shoot Officer Parrish.

The record shows Officer Parrish testified that the gun in question had one live round and four spent casings when police examined it. (Trial Tr. Vol. 7 at 74. ) He stated that each shell casing, including the live round, had an indentation made when the gun hammer hits the bullet. (*Id*. at 76-77.) He testified, however, that he could not say when the indentation was made on the live round. (*Id*. at 100.) He also stated he did not see Petitioner point the gun at him, but was told by Officer Eadler that Petitioner was pointing a gun at him. (*Id*. at 87;106-7;109.) Further, he did not know if the live round was in the chamber when defendant pointed the gun at him. (*Id*. at 101.)

Officer Eadler testified he saw Petitioner point the revolver at Officer Parrish and that he saw Petitioner's finger in the trigger guard. (*Id*. at 127-28.) Eadler testified that it appeared the indentation on the live round was caused when the gun hammer hit the bullet but the gun didn't discharge. (*Id*. at 139.) Eadler did not testify as to when the indentation occurred. Eadler also

could not see if Petitioner pulled the gun hammer during the incident, and he testified he had no personal knowledge as to whether Petitioner fired the gun. (*Id*. at140.) Eadler also testified he did not know if the live round was in the chamber during the incident. (*Id*. at 150.)

The indictment alleged that Petitioner intentionally and knowingly threatened Officer Parrish with imminent bodily injury by pointing a firearm at Parrish. *Ex parte Alviter* at 1. The state was required to prove that Petitioner intentionally or knowingly threatened Officer Parrish with imminent bodily injury, that Petitioner used or exhibited a deadly weapon during the commission of the assault, that Petitioner knew Officer Parrish was a public servant and the assault occurred while Officer Parish was lawfully discharging an official duty. TEX. PENAL CODE §§ 22.01(a)(2), 22.02(a)(2) and (b)(2)(b) (West 2009).

Officer Parrish testified that when he and Officer Eadler stopped the car that Noriega was driving, they ordered Petitioner to put his hands on the car dashboard. (*Id*. at 51-52; 81.) Officer Parrish testified he was wearing his police uniform and was driving his marked police car when he stopped Noriega's car. (*Id*. at 42.) Petitioner has not argued, or offered any evidence, that he did not know Parrish was a police officer, and/or that Parrish was not lawfully discharging his duties when he detained and removed Noriega from the car. Officer Eadler testified Petitioner purposefully pointed the gun at Parrish. (*Id*. at 137.) Parrish testified that when Eadler yelled "gun" and Parrish saw Petitioner facing him, he was in fear of imminent bodily injury. (*Id*. at 55.)

The state was not required to prove that Petitioner attempted to shoot the gun. There is also no evidence that Petitioner's counsel knew or should have known the prosecutor would raise any issue regarding an indentation on the live bullet. Petitioner has failed to show his counsel

was deficient or that he was prejudiced by his counsel's failure to obtain and call a ballistic expert to testify. Petitioner's claim should be denied.

**3. Actual Innocence**

Petitioner argues he is actually innocent. At trial, he called his co-defendant Aaron Noriega to testify on his behalf. Noriega invoked his Fifth Amendment right not to testify. In his state habeas petition, Petitioner submitted an affidavit from Noriega in which Noriega stated that Petitioner did not point a gun at Officer Parrish. (*Ex parte Alviter* at 103-04.). The state court denied habeas relief.

The Supreme Court has not recognized actual innocence as an independent ground for federal habeas relief. *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)); *United States v. Scruggs*, 691, F.3d 660, 671 (5th Cir. 2012) ("'actual innocence' is not a free-standing ground for relief."). Petitioner has therefore failed to state a cognizable claim for federal habeas relief.

**4. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 2nd day of December, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).